U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 22 2015
CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRENDA BROWN, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:15-CV-389-A |
| | § |
| ASC MORTGAGE, ET AL., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants Mortgage Electronic Registration Systems, Inc. and America's Servicing Company, a division of Wells Fargo Bank, N.A.,[1] to dismiss. Plaintiff, Brenda Brown, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the pleadings, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff filed her original complaint in this action on March 3, 2015. The court notes that the complaint is identical to a complaint plaintiff filed under Case No. 4:14-CV-819-A, which

---

[1] America's Servicing Company alleges that it is not a proper defendant as it has not been properly named or served in this action. For the reasons discussed herein, the court is satisfied that plaintiff has not stated any viable claims against any of the defendants. It is unnecessary to determine the status of America's Servicing Company or "Doe Insurance Company."

was dismissed for want of prosecution by order and final judgment signed October 17, 2014, with the addition here of a cover sheet to which the earlier complaint is attached. The earlier complaint consists of fourteen typed pages that are largely unintelligible. The cover sheet of the current complaint bears a single hand-written paragraph alleging "inaccuracy in the debt" plaintiff has accrued; that she has tried several times to obtain a loan modification that should have been approved; that loan amounts were fraudulently added; and that plaintiff should recover $1,000,000 because defendants acted with malice, fraud and/or oppression.

As best the court can tell, on November 11, 2005, plaintiff signed a note in the principal amount of $100,700.00 and a deed of trust securing the purchase of property at 5809 Magnum Drive, Arlington, Texas.[2] Apparently, at some point, plaintiff defaulted on her payment of the note, for she alleges that an unknown "Doe Insurance Company" paid "a form of mortgage loss claim," Pl.'s Compl., ¶ 13, and that as a consequence "no indebtedness under a promissory Note remained," nor did the deed of trust continue to be effective. Id. Somehow, defendants, whose roles are undefined, schemed to deprive plaintiff of her property.

---

[2]These documents are referenced in the complaint and plaintiff does not dispute that true copies have been provided as exhibits A and B of defendants' appendix. The court is considering them to be part of the complaint. Holmes v. Nat'l Football League, 939 F. Supp. 517, 520 n.2 (N.D. Tex. 1996).

The complaint purports to set forth eight causes of action, to wit: (1) negligence; (2) fraudulent misrepresentation, deceit and concealment by deceptive account maintenance and fraudulent intent causing foreclosure; (3) "temporary restraining order and preliminary injunction [writ of prohibition] to enjoin any sale or conveyance of subject property by defendants;" (4) breach of two written contracts; (5) "unjust enrichment (by conversion) and restitution;" (6) trespass to try title/quiet title; (7) accounting; and (8) declaratory relief.

## II.

### Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court

must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679.

III.

Analysis

A. Failure to Plead Sufficiently

Plaintiff's complaint suffers from a number of deficiencies, the most obvious of which is the failure to allege any facts to support any claim against any individual defendant. Legal conclusions and labels are not sufficient to state a plausible claim. Iqbal, 556 U.S. at 678. Here, the complaint consists of little but conclusory allegations. Plaintiff makes no attempt to distinguish the actions of any defendant. Her complaint by no means meets the test of Fed. R. Civ. P. 9(b) with regard to her fraud claims. Accordingly, dismissal is warranted. Bittick v. JPMorgan Chase Bank, N.A., No. 4:11-CV-812-A, 2012 WL 1372126, *7 (N.D. Tex. Apr. 18, 2012).

B. Alternate Grounds for Dismissal

The utter failure of plaintiff to allege sufficient facts to allege a plausible right to relief justifies the dismissal of this action. The court is, nevertheless, discussing additional and alternate grounds for the dismissal raised by the motion.

1. Economic Loss Doctrine

Movants alternatively point out that plaintiff's tort claims are barred by the economic loss doctrine. Although poorly pleaded, it is clear that plaintiff's claims arise out of the

contracts she executed-the note and deed of trust. <u>See</u> <u>Southwestern Bell Tel. Co. v. DeLanney</u>, 809 S.W.2d 493, 494 (Tex. 1991). For example, plaintiff says that defendants had a duty to "maintain proper and accurate loan records." Pl.'s Compl. ¶ 17. Further, defendants "breached the loan terms and Note b[y] failing to keep accurate records." <u>Id.</u> ¶ 35.

Under Texas law, the economic loss doctrine "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." <u>Lamar Homes, Inc. v. Mid-Continent Cas. Co.</u>, 242 S.W.3d 1, 12 (Tex. 2007). Therefore, to proceed with her tort claims, plaintiff would have to show injury independent of the alleged breach of contract. <u>See</u> <u>Pennington v., HSBC Bank U.S.A., N.A.</u>, No. A-10-CA-785 LY, 2011 WL 6739609, *8 (W.D. Tex. Dec. 22, 2011)(applying economic loss rule to negligent misrepresentation); <u>Casey v. Fed. Home Loan Mortgage Ass'n</u>, No. H-11-3830, 2012 WL 1425138, *3-4 (S.D. Tex. Apr. 23, 2012)(applying economic loss rule to fraud claim).

Here, plaintiff clearly had a contractual relationship based on the note and deed of trust. Alleged discussions concerned modification of the loan and (perhaps) foreclosure proceedings could not have occurred absent the agreements. And, application of payments made by plaintiff was governed by the note and deed of trust. <u>See</u> Defs.' App., 002-004, 013. Thus, the basis of

6

plaintiff's claims flows solely from the note and deed of trust and the tort claims are barred by the economic loss rule. <u>Casey</u>, 2012 WL 1425138, at *4.[3]

2. <u>Fraud Claims are Barred by Statute of Frauds</u>

A plaintiff may not recover for fraud claims arising out of an unenforceable contract under the statute of frauds. <u>Hugh Symons Group, plc v. Motorola, Inc.</u>, 292 F.3d 466, 470 (5th Cir. 2002). A loan agreement (such as the one here that exceeds %50,000) subject to the statute of frauds may not be varied by oral agreement or discussion. Tex. Bus. & Com. Code § 26.02. The modification must be in writing. <u>Martins v. BAC Home Loans Servicing, L.P.</u>, 722 F.3d 249, 256 (5th Cir. 2013). Thus, any purported oral agreement or promise such as plaintiff appears to claim, e.g., that she should stop making payments in order to qualify for loan modification, Pl.'s Compl. at ¶ 21, is barred by the statute of frauds and cannot be pursued as the basis of a claim. <u>Johnson v. Wells Fargo Bank, N.A.</u>, 999 F. Supp. 2d 919, 933 (N.D. Tex. 2014); <u>Daryani v. Wells Fargo Bank, N.A.</u>, No. 4:10-CV-05181, 2012 WL 3527924, *3 (S.D. Tex. Aug. 13, 2012).

---

[3] As movants further note, the relationship between mortgagor and mortgagee does not give rise to independent tort duties. <u>FDIC v. Coleman</u>, 795 S.W.2d 706, 709 (Tex. 1990); <u>Burnette v. Wells Fargo Bank, N.A.</u>, No. 4:09-CV-370, 2010 WL 1026968, *8 (E.D. Tex. Feb. 16, 2010). Plaintiff has not pleaded any special relationship with any defendant that would give rise to any duty to her.

3. <u>Breach of Contract</u>

To state a claim for breach of contract, plaintiff must allege (1) the existence of a valid contract; (2) performance by plaintiff; (3) breach by defendant; and (4) resulting damages to plaintiff. <u>Lewis v. Bank of Am., N.A.</u>, 343 F.3d 540, 544-45 (5th Cir. 2003). Because plaintiff admits that she did not make her mortgage payments, it is immediately clear that she cannot have a claim for breach of the note and deed of trust. <u>Williams v. Wells Fargo Bank, N.A.</u>, 560 F. App'x 233 (5th Cir. 2014). Plaintiff's allegations regarding an unidentified defendant's alleged mis-reporting or mis-allocation of payments does not state a plausible claim in any event, as plaintiff acknowledges she failed to make her mortgage payments. <u>See</u> <u>Marsh v. JPMorgan Chase Bank, N.A.</u>, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012)(where plaintiff's own allegations contradict the pleading, dismissal with prejudice is appropriate.)

4. <u>Unjust Enrichment</u>

Unjust enrichment is not an independent cause of action, but rather an equitable remedy for benefits obtained by fraud, duress, or taking unfair advantage of a plaintiff. <u>Lilani v. Noorali</u>, No. H-09-2617, 2011 WL 13667, *11 n. 62 (S.D. Tex. Jan. 3, 2011); <u>Heldenfels Bros., Inc. v. City of Corpus Christi</u>, 832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment damages are

appropriate where there is no express agreement between the parties. Coghlan v. Wellcraft Marine Corp., 240 F.3d 449, 454 (5th Cir. 2001). Unjust enrichment is not available here, where there is a contract governing the dispute. Id.

    5.   Quiet Title and Trespass to Try Title

Plaintiff appears to claim that she is the lawful owner of the property in question. A suit to quiet title is an equitable action to clear a valid title against a defendant's invalid claim to the property. Puente v. CitiMortgage, Inc., No. 3:11-CV-2509-N, 2012 WL 4335997, *3 (N.D. Tex. Aug. 12, 2012). Trespass to try title is a statutory action with specific pleading requirements. Singha v. BAC Home Loans Servicing, L.P., 564 F. App'x 65, 71 (5th Cir. 2014). In either case, the plaintiff must prove and recover on the strength of her own title, not the weakness of her adversary's. Id.; Summers v. PennyMac Corp., No. 3:12-CV-01235-L, 2012 WL 5944943, *3 (N.D. Tex. Nov. 28, 2012).

Here, plaintiff does not allege facts that, if proved, would establish her superior title to the property. And, her speculative statements attacking the alleged title of unnamed defendants are insufficient to support her claims. Smith v. Wells Fargo Bank, N.A., No. 3:12-CV-4633-K, 2013 WL 3324195, *7 (N.D. Tex. June 28, 2013).

6.  <u>Accounting</u>

Plaintiff seeks an accounting "of his [sic] entire loan account." Pl.'s Compl. ¶ 46. An accounting is an equitable remedy and is dependent upon the assertion of a viable cause of action. <u>Collins v. GospoCentric Records</u>, No. 3:00-CV-1813-H, 2001 WL 194988, *1 (N.D. Tex. Feb. 22, 2001). And, in any event, an accounting should not be ordered unless the facts in issue are so complex that they could not be obtained by discovery. <u>Wigginton v. Bank of New York Mellon</u>, No. 3:10-CV-2128-G, 2011 WL 2669071, *4 (N.D. Tex. July 7, 2011). Here, plaintiff has not asserted any viable causes of action; nor is there any reason to believe that the case would be so complicated as to require an accounting.

7.  <u>Declaratory Relief</u>

Because plaintiff's substantive claims are being dismissed for failure to state a claim upon which relief may be granted, she is not entitle to a declaratory judgment based on such claims; nor is she entitled to injunctive relief. <u>DSC Communications Corp. v. DGI Techs., Inc.</u>, 81 F.3d 597, 600 (5th Cir. 1996); <u>Marsh v. JPMorgan Chase Bank, N.A.</u>, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012).

IV.

Order

The court orders that the motion to dismiss be, and is hereby, granted and that plaintiff's claims in this action be, and are hereby, dismissed with prejudice.

SIGNED May 22, 2015.

_____
JOHN McBRYDE
United States District Judge